By the Court.—Freedman, J.
The issues in this case were tried by a judge of this court without a jury and he filed his decision containing his findings of fact and conclusions of law and the direction for judgment, and judgment was entered accordingly. In such a case there is no jurisdiction to entertain a motion for a new trial upon the minutes of the judge under section 999 of the Code. That section applies only to jury trials. The motion for a new trial which was made upon all the grounds stated in said section, was, therefore, properly denied, irrespective of the particular reason which may have influenced the learned judge.
Upon the appeal from the judgment various reasons have been assigned for reversal, but it is only necessary to notice one of them, because it is fatal. The printed case leaves it somewhat uncertain whether both defend *472 ants appeal, or only the defendant Andrew J. Constantine, but from the points submitted it clearly appears that the appeal is prosecuted by him alone. As to him the former judgment of the district court which was in his favor, and which he pleaded herein as a defence, is a bar to this action.
The present action was brought in December, 1887, by the above named plaintiff against the defendant Andrew J. Constantine as surety upon a recognizance or undertaking given by the defendant Thomas S. Constantine upon his conviction before a police justice of this city of being a disorderly person for neglecting to support his wife and children. The recognizance or undertaking was given under the provisions of the Code of Criminal Procedure, and the condition was that Thomas S. Constantine should be of good behavior for one year and should pay ten dollars weekly to the commissioners of public charities and correction for the support and maintenance of his family. The breach alleged is that Thomas S. Constantine had not. paid to said commissioners the ten dollars per week from the giving of the recognizance or undertaking until the expiration of the year therein mentioned.
Upon the trial it was shown that, in February, 1887, the same plaintiff brought an action against the same defendants upon the same recognizance or undertaking, and for a breach thereof, in the district court in the city of New York for the third judicial district, that Andrew J. Constantine answered and set up various defences, that, upon a trial of the issues raised by the pleadings in that action, a general judgment in favor of said defendant was r'endered on or about June 10,1887, and that upon an appeal by the plaintiff from said judgment to the general term of the Court of Common Pleas, the said judgment was, on or about October 29, 1887, in all respects affirmed.
As it seems to be well settled that there can be but *473 one recovery upon the recognizance or undertaking sued upon, that a recovery may be had upon refusal to support at any time after the recognizance or undertaking has been given, and that the whole amount is forfeited upon a single breach, the judgment referred to, in the absence of proof that it was given for a specific reason which preserved the right to bring another action, constitutes a former adjudication, and, as such, it is conclusive between the parties on every question covered hy it, and a complete bar to the present action, at least so far as the appellant now before the court is concerned.
Moreover, it may well be doubted whether upon the last trial the plaintiff sufficiently established a breach of the condition within the rule laid down in People v. Pettit, 74 N. Y., 320.
The order denying defendants’ motion for a new trial should be affirmed, but the judgment should be reversed and a new trial ordered, with costs to the appellant, Andrew J. Constantine, to abide the event.
Sedgwick, Ch. J., and McAdam, J., concurred.